Affirmed and Memorandum Opinion filed July 22, 2004









Affirmed and Memorandum Opinion filed July 22, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01061-CR

____________

 

DONALD
RAY WALKER, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_____________________________________________________________

 

On Appeal from the 228th District Court 

Harris County, Texas

Trial Court Cause No. 940,362

 

_____________________________________________________________

 

M E M O R A N D U M   O P I N I O N

A jury found appellant, Donald
Ray Walker, guilty of aggravated robbery. 
In one issue, he contends the trial court erred in denying his motion
for continuance.  Because all dispositive
issues are clearly settled in law, we issue this memorandum opinion and
affirm.  Tex. R. App. P. 47.4.

Background








According to the State=s
evidence, four young, black men, including appellant, robbed Martin Flores in
the parking lot of his apartment complex. 
In contrast, according to appellant, he did not commit robbery, but he
was only at the complex to drop off the other men after giving them a
ride.  On May 20, 2003, the trial court
granted appellant=s motion
requiring the State to produce exculpatory evidence.  In his motion, appellant requested
information regarding another aggravated robbery committed by four young, black
men two months after the robbery in this case while appellant was in jail.  On May 28, 2003, the State provided appellant
the names and addresses of two witnesses to the second robbery.  Appellant attempted to contact those
witnesses, but they had moved.  He filed
a motion for continuance claiming he needed additional time to locate and
interview the witnesses.  The trial court
denied his motion and proceeded to trial on May 30, 2003.     

Discussion

In his sole issue, appellant
claims the trial court erred by denying his motion for continuance.  We review the denial of a motion for
continuance for an abuse of discretion.  Janecka
v. State, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996).  To establish an abuse of discretion,
appellant must show on appeal he was actually prejudiced by the denial of his
motion.  Id.  Appellant claims he was denied the right to
present the defensive theory of alternate suspects because he was not allowed
more time to locate the witnesses. 
However, appellant has presented no evidence concerning what information
the witnesses would have provided, or even that the information would have been
favorable to his defense.[1]  Further, he has not claimed that he would
have been able to locate and interview the witnesses had his motion for
continuance been granted.  Appellant has
failed to establish any prejudice.  See
id. 








Appellant also claims his motion
for continuance should have been granted because the State was negligent in
failing to disclose the names and addresses of the witnesses until two days
before trial.  The State has a duty to
turn over favorable, material evidence to the defense.  Brady v. Maryland, 373 U.S. 83, 87
(1963).  However, in order to prove a Brady
violation, appellant must show he was prejudiced by the State=s tardy
disclosure.  Wilson v. State, 7
S.W.3d 136, 146 (Tex. Crim. App. 1999). 
Prejudice is shown by a reasonable probability that had the State
disclosed the evidence earlier, the result of the proceeding would have been
different.  Id.  Appellant has not indicated what information
the witnesses would have provided, or even that he would have been able to
locate them.  Accordingly, he has failed
to show that he was prejudiced by the State=s failure
to provide him with the witnesses= names
and addresses sooner.  Appellant=s issue
is overruled.

The judgment of the trial court
is affirmed.  

 

/s/        Charles W. Seymore

Justice

 

Judgment
rendered and Memorandum Opinion filed July 22, 2004.

Panel
consists of Justices Fowler, Edelman, Seymore.

Do Not
Publish C Tex. R. App. P. 47.2(b).

 

 

 











[1]  After trial,
appellant filed a motion for new trial and a motion for bill of
exceptions.  He did not present any
evidence regarding what information the witnesses could provide in either
motion.